Zachary C. Frampton (SBN 303225)
Email: zframpton@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
Synchrony Bank

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XUANDAO GRAY-LINGLE,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>SYNCHRONY BANK, DOES 1-10 inclusive,<br><br>　　　　　Defendants. | Case No.: 1:17-at-38<br><br>[Removal from the Superior Court of the State of California for the County of Placer, Case No. MCV0066749]<br><br>**DEFENDANT SYNCHRONY BANK'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441**<br><br>**[FEDERAL QUESTION JURISDICTION]**<br><br>Action Filed: December 15, 2016 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE EASTERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE THAT** Defendant Synchrony Bank ("Synchrony"), by counsel, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, hereby notices removal of the state court civil action known as *Xuandao Gray-Lingle v. Synchrony* Bank, Case No. MCV0066749, from the Superior Court of the State of California for the County of Placer, to the United States District Court for the Eastern District of California, and in support thereof states as follows.

1. On or about December 15, 2016, Plaintiff Xuandao Gray-Lingle ("Plaintiff") filed an Unverified Complaint against Synchrony (the "Complaint") in the Superior Court of the State of California for the County of Placer (the "State Court"). In compliance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Synchrony is attached hereto as **Exhibit 1**.

2. On December 16, 2016, Synchrony was served by a process server through its registered agent, CT Corporation.

3. Except for the notice filed with respect to this Notice of Removal, as of the date of this filing, no pleadings, motions, or papers other than the Complaint have been filed with the State Court in this action.

4. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Synchrony has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

### GROUNDS FOR REMOVAL

**I.   Synchrony Has Satisfied The Procedural Requirements For Removal.**

5. Synchrony's registered agent received the Complaint by process server on December 16, 2016. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because Synchrony is filing its Notice of Removal within 30 days of

its receipt of the initial pleading setting forth the claim for relief upon which such action is based.

6. This Court is the proper division because it embraces the Superior Court of the State of California for the County of Placer, where Plaintiff's action is pending. *See* 28 U.S.C. §§ 1441 and 1446(a).

7. No previous request has been made for the relief requested herein.

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the State Court Clerk.

**II.     Removal Is Proper Because This Court Has Subject Matter Jurisdiction.**

9. Under 28 U.S.C. § 1331, United States District Courts are vested with jurisdiction to consider cases or controversies "arising under" the laws of the United States of America. *See* 28 U.S.C. § 1331.

10. Removal of such cases is governed by 28 U.S.C. § 1441(b). Section 1441(b) makes clear that a case brought in state court, raising a federal question, "*shall* be removable" to the United States District Courts "without regard to the citizenship or residence of the parties." *See* 28 U.S.C. § 1441(b) (emphasis added).

11. Here, Plaintiff's Complaint purports to assert a claim against Synchrony for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"). *See* Complaint, at 1.

12. Plaintiff's Complaint alleges violations of a federal statute, the TCPA, and consequently "arises under" the laws of the United States. *See* 28 U.S.C. § 1331; *see also Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 748 (2012) (holding that TCPA claims plainly arise under the laws of the United States). Therefore, this Court may properly exercise jurisdiction over this claim.

13. To the extent that any other claims in this action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. § 1367.

14. Given that the requirements for federal question jurisdiction are satisfied, this case is properly removed.

**WHEREFORE**, Defendant Synchrony Bank, by counsel, respectfully requests that the above-referenced action, originally filed in the Superior Court of the State of California for the County of Placer, be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

DATED:  January 13, 2017          Reed Smith LLP

By: */s/ Zachary C. Frampton*
    Zachary C. Frampton
    Attorneys for Defendant
    Synchrony Bank

1:17-at-38

– 3 –
NOTICE OF REMOVAL