# EXHIBIT 1

**CT Corporation**

**Service of Process Transmittal**
12/16/2016
CT Log Number 530356640

| | |
|---|---|
| TO: | Talaya Kluttz
Synchrony Financial
332 Minnesota St Ste W600
Saint Paul, MN 55101-1535 |
| RE: | **Process Served in California** |
| FOR: | Synchrony Bank  (Domestic State: UT) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Xuandao Gray-Lingle, Pltf. vs. Synchrony Bank, et al., Dfts. |
| DOCUMENT(S) SERVED: | Summons, Complaint, Notice(s), Information Sheet, Information Sheet, Cover Sheet, Instructions |
| COURT/AGENCY: | Placer County - Superior Court - Roseville, CA
Case # MCV0066749 |
| NATURE OF ACTION: | Defendants' Violation of Rosenthal Fair Debt Collection Practices Act and Violation of Telephone Consumer Protection Act |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Los Angeles, CA |
| DATE AND HOUR OF SERVICE: | By Process Server on 12/16/2016 at 13:10 |
| JURISDICTION SERVED : | California |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service (Document(s) may contain additional answer dates) |
| ATTORNEY(S) / SENDER(S): | Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
877-206-4741 |
| ACTION ITEMS: | SOP Papers with Transmittal, via  UPS Next Day Air , 1Z0399EX0104319098

Image SOP

Email Notification,  Talaya Kluttz  talaya.l.kluttz@syf.com

Email Notification,  Synchrony Financial Litigation  syf.litigation@synchronyfinancial.com |
| SIGNED:
ADDRESS:

TELEPHONE: | C T Corporation System
818 West Seventh Street
Los Angeles, CA 90017
213-337-4615 |

Page 1 of  1 / GG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

12-16-16 @ 1:10 pm

**ORIGINAL BY FAX**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
SYNCHRONY BANK, Does 1-10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
XUANDAO GRAY-LINGLE

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

DEC 15 2016

JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By: C. Lester, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es): Superior Court of Placer

10820 Justice Center Dr.
Roseville, CA 95678

**CASE NUMBER:** MCV0066749

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Todd M. Friedman, 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367, 877-206-4741

DATE: DEC 1 5 2016
(Fecha)

Clerk, by **C. Lester**, Deputy
(Secretario) (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): **Synchrony Bank**

under: ☒ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other (specify):

4. ☒ by personal delivery on (date): 12-16-16

[SEAL] COPY

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**COPY**

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF PLACER

DEC 15 2016

JAKE CHATTERS
EXECUTIVE OFFICER & CLERK
By: C. Lester, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF PLACER
LIMITED JURISDICTION

XUANDAO GRAY-LINGLE,

Plaintiff,

vs.

SYNCHRONY BANK, Does 1-10 inclusive,

Defendant.

) Case No. MCV0066749
) COMPLAINT
) (Amount not to exceed $10,000)
)
) 1. Violation of Rosenthal Fair Debt
)    Collection Practices Act
) 2. Violation of Telephone Consumer
)    Protection Act
)
)

BY FAX

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

2. Plaintiff, XUANDAO GRAY-LINGLE ("Plaintiff"), is a natural person residing in PLACER County in the state of California and is a "debtor" as defined by Cal Civ Code §1788.2(h).

Complaint - 1

3. At all relevant times herein, Defendant, SYNCHRONY BANK, ("Defendant"), is a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal Civ Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

### III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5. Defendant made numerous calls to Plaintiff's phone number ending in -7382. Defendant repeatedly called Plaintiff, with calls averaging several times per day, and from numbers verified to be owned by Defendant.

6. Defendant also used an "automatic telephone dialing system," as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiffs seeking to collect the debt allegedly owed.

7. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

8. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

9. As a result of Defendant's actions, Plaintiff have retained counsel. Plaintiff's counsel sent a notice of representation on or about July 28, 2016. Defendant has failed to respond to that letter at this time.

10. Furthermore, in the letter dated July 28, 2016, Plaintiff revoked any and all consent to be contacted via an "automated telephone dialing system."

11. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the

United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

12. Defendant's conduct violated the RFDCPA in multiple ways, including but not limited to:

  a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A));

  b) Communicating or threatening to communicate credit information which is known or which should be known to be false (§ 1692e(8));

  c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10);

  d) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f));

  e) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));

  f) Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1));

13. Defendant's conduct violated the TCPA by:

  a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

14. As a result of the above violations of the RFDCPA and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees;
    D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

17. Plaintiff incorporates by reference all of the preceding paragraphs.

18. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

19. As a result of Defendant's negligent violations of *47 U.S.C. §227 et seq.*, Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

20. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

21. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

22. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

B. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)* and

C. Any and all other relief that the Court deems just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 11th day of December, 2016.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

# Superior Court of the State of California
## In and For The County of Placer

CASE NO. **MCV0066749**

## A CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED:

DATE: April 11, 2017
TIME: ☒ 10:00 A.M. If your case number starts with "S-CV"
☐ 10:30 A.M. If your case number starts with "S-CV" and is deemed Complex
☐ 11:00 A.M. If your case number starts with "M-CV"
DEPT: 40 - 10820 Justice Center Drive, Roseville, California

### IF YOU DO NOT HAVE AN ATTORNEY, READ THIS:
The judge does **not** decide whether you win or lose your case at this court date. If you do not file an "Answer," or other "responsive pleading," you will automatically lose this case, usually before this court date. The Answer or responsive pleading must be given to the court clerk within 30 days of the day you received the Summons, along with a filing fee or application for waiver of court fees.

You can get free help filling out your Answer or responsive pleading at the court's Legal Help Center. For more information or to schedule an appointment, go to the court's website at www.placer.courts.ca.gov and select "Legal Help Center."

### INFORMATION ABOUT CASE MANAGEMENT CONFERENCES:
15 calendar days before the Case Management Conference, you must file and serve a completed Case Management Statement (CM-110).

You do not need to come to court for the first Case Management Conference. You can see the court's proposed orders 12 calendar days before the Case Management Conference on the court's website, www.placer.courts.ca.gov. Select "Tentative Rulings and Calendar Notes," then "Civil Case Management Conference." If you do not have Internet access, call the court at 916-408-6000 to get the information.

**The court does not provide a court reporter at Case Management Conferences or Law & Motion hearings.** If you want the proceedings reported, you must provide your own court reporter at your own expense.

IF YOU WANT TO APPEAR BY TELEPHONE, you must schedule your telephonic appearance through the court's website, www.placer.courts.ca.gov. Select "Telephonic Appearance System." For more information on the telephonic appearance system, please visit our "How to" guide on the website. YOU MUST PAY ONLINE TO USE THIS SERVICE UNLESS YOU HAVE BEEN GRANTED A FEE WAIVER BY THE COURT.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF PLACER

# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Superior Court of California, County of Placer (Placer County Superior Court), strongly encourages parties in civil cases to explore and pursue the use of Alternative Dispute Resolution. This packet is provided in compliance with California Rules of Court, Rule 3.221.

### What is Alternative Dispute Resolution?
Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include:

- Arbitration     • Mediation     • Settlement Conferences     • Private judging
- Neutral evaluation     • Mini-trials     • Negotiation and *hybrids* of these processes

All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes. At the present time, the Placer County Superior Court offers Mediation and Arbitration.

### What are the advantages of using ADR?
ADR can have a number of advantages over traditional court litigation.

- ❖ **ADR can save time.** Even in a complex case, a dispute can often be resolved through ADR in a matter of months or weeks, while a lawsuit can often take years.

- ❖ **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorney's fees and court expenses.)

- ❖ **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses primarily on the parties' legal rights and responsibilities.

- ❖ **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situations and that will best serve their particular needs.

- ❖ **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit.

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET

Form Adopted for Mandatory Use
Superior Court of California, County of Placer
Revised 2-1-2012
Page 1 of 2

www.placer.courts.ca.gov

### Arbitration and Mediation
Although there are many different types of ADR processes, the forms most commonly used to resolve disputes in California state courts are Arbitration and Mediation.

#### *Arbitration*
An Arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an Arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitration can be binding if the parties so agree in writing. If there is no such agreement, either party can reject the Arbitration award and request a trial.

The plaintiff may elect, the parties may stipulate, or the judge may Order the case to Arbitration. If a judge orders a case to arbitration, the court will send a Notice of Appointment and an appropriate Order to Arbitration to all parties. Arbitrations are conducted pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules, Chapter 20.1.9. Unless otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided they file a timely Request for Trial De Novo pursuant to California Rules of Court, rule 3.826. Upon the filing of a timely Request for Trial De Novo, the case will proceed to a Trial-Setting Conference. If no timely Request for Trial De Novo is filed, judgment based upon the Award of Arbitrator will be entered pursuant to California Rules of Court, rule 3.827.

#### *Mediation*
Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. The Mediator improves communication by and among the parties, helps the parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

Parties to a civil action may agree to privately mediate their dispute with a Mediator of their choice without court assistance. The cost of Mediation must be borne by the parties equally unless the parties agree otherwise. Parties will be charged an amount set by the Mediator.

### Notice Requirements
Upon filing a complaint or cross-complaint, the plaintiff/cross-complainant must acquire this ADR Information Sheet from the Court Website, http://www.placer.courts.ca.gov/, or the Superior Court Clerk. **Plaintiff is required to include the ADR Information Sheet when he or she serves the Complaint on the Defendant.**

**Parties must indicate the types of ADR process(es) the parties are willing to or have participated in on the *Case Management Statement* (Form CM-110) prior to the Case Management Conference.**

### Additional Information
For more information on the specific ADR programs of the Placer Superior Court, please review the Local Rules of the Placer County Superior Court, available at all court locations and on-line at www.placer.courts.ca.gov.

**ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET**

Form Adopted for Mandatory Use  
Superior Court of California, County of Placer  
Revised 2-1-2012  
Page 2 of 2

www.placer.courts.ca.gov

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>21550 Oxnard St., Suite 780<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: 877-206-4741   FAX NO: 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, XUANDAO GRAY-LINGLE | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF PLACER<br><br>DEC 15 2016<br><br>JAKE CHATTERS<br>EXECUTIVE OFFICER & CLERK<br>By: C. Lester, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Placer
STREET ADDRESS: 10820 Justice Center Dr.
MAILING ADDRESS: 10820 Justice Center Dr.
CITY AND ZIP CODE: Roseville, CA 95678
BRANCH NAME: Superior Court of Placer County

CASE NAME:
XUANDAO GRAY-LINGLE v. SYNCHRONY BANK, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited ☑ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | ☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | MCV0066749<br>JUDGE:<br>DEPT: |

BY FAX

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | ☐ Other collections (09) | ☐ Construction defect (10) |
| Damage/Wrongful Death) Tort | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | Real Property | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | Enforcement of Judgment |
| Non-PI/PD/WD (Other) Tort | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07) | Unlawful Detainer | Miscellaneous Civil Complaint |
| ☐ Civil rights (08) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Fraud (16) | ☐ Drugs (38) | Miscellaneous Civil Petition |
| ☐ Intellectual property (19) | Judicial Review | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| ☑ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | |
| Employment | ☐ Writ of mandate (02) | |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.☑ monetary  b.☑ nonmonetary; declaratory or injunctive relief  c.☑ punitive
4. Number of causes of action (specify): 2
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 14, 2016
Todd M. Friedman
(TYPE OR PRINT NAME)                          ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition